UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
—————————————————————————

ROBERT S. McWILLIAMS,

               Petitioner,

          V.

DEBORAH SCHULT, Warden,

               Respondent.

—————————————————————————

**REPORT AND
RECOMMENDATION**

07-CV-1172
(DNH/VEB)

## I. INTRODUCTION

Petitioner Robert McWilliams, acting *pro se*, commenced this action seeking habeas

corpus relief pursuant to 28 U.S.C. § 2241.  Petitioner is an inmate at the Federal

Correctional Institution ("FCI") in Ray Brook, New York.  Petitioner was convicted in the

United States District Court for the District of Massachusetts in 2000 on charges of Armed

Robbery and Robbery.  Petitioner does not challenge his conviction.  Rather, he argues that

the District Court's restitution order was improper and contests his enrollment by the Bureau

of Prisons ("BOP") in the Inmate Financial Responsibility Program ("IFRP")[1]

      This matter was referred to the undersigned by the Honorable Norman A. Mordue,

Chief United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and is

presently before this Court for a report and recommendation. (Docket No. 8).

—————————————————

[1]Inmates participating in the Inmate Financial Responsibility Program under 28 C.F.R. §§ 545.10
and 545.11 may commit a percentage of their prison employment earnings toward the payment of
court-ordered restitution; non-participation in the program can lead to the loss of some privileges,
including, inter alia, limitations on inmate pay, work and housing restrictions, and eligibility for
community-based programs. See 28 C.F.R. § 545.11(d).

## II. BACKGROUND

### A.      Facts

On November 2, 2000, the Honorable George O'Toole, United States District Judge, sentenced Petitioner on two counts of Armed Robbery, in violation of 18 U.S.C. §§ 2113 (a)&(d) and three counts of Robbery, in violation of 18 U.S.C. § 2113 (a).  In addition, the sentencing court entered a Judgment ordering Petitioner to pay $20,485.00 in restitution and $500 in criminal assessments.  (Docket No. 6 at "Exhibit C").  In a section of the Judgment entitled "Special Conditions of Supervision," the sentencing court stated that Petitioner was required to pay the restitution amount "immediately or according to a schedule to be determined by the U.S. Probation Officer."  (Id. at p. 4).

The Schedule of Payments annexed to the Judgment indicated that the total fine was due "in full immediately," although the sentencing court included special instructions indicating that the restitution could also "be paid according to a schedule to be determined by the U.S. Probation Officer." (Id. at p. 6).

Upon entering custody, the BOP enrolled Petitioner in the voluntary Inmate Financial Responsibility Program ("IFRP") in order to pay his restitution award and special assessment of $500.  Petitioner objected to being enrolled in the IFRP and filed formal challenges to the enrollment with the BOP.  Respondent concedes that Petitioner has exhausted his administrative remedies.

### B.  Federal Habeas Corpus Proceedings

Petitioner, proceeding *pro se*, commenced this action on November 5, 2007, by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1).  In his Petition, Petitioner asserts: (1) the sentencing court erred by failing to set forth a particular payment schedule with respect to the restitution award; (2) the sentencing court erred when it improperly delegated authority to the U.S. Probation Officer to set a payment schedule for Petitioner's restitution; (3) the BOP has acted improperly by assuming the exclusive authority of the District Court by placing him in the IFRP; and (4) the BOP is acting unlawfully by refusing to release him from the voluntary program  "without fear of sanctions and by refusing to halt monthly deductions from Petitioner's prison wages." (Docket No. 1).   For the reasons that follow, the Petition should be DENIED.

## III. DISCUSSION

### A.      Federal Habeas Corpus Standard

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is available to prisoners who challenge the execution of their sentence, rather than the imposition of the sentence itself. Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir.2001); see also Carmona v. Bureau of Prisons, 243 F.3d 629, 633 (2d Cir.2001) (deciding petitioner's § 2241 claim was proper because he was seeking credit for prior time spent in detention).  A § 2241 petition is generally the appropriate vehicle to raise claims arising from prison conditions or a prison official's computation of a prisoner's sentence.  See Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir.2003) (explaining that § 2241 is the means by which a petitioner can challenge the

Bureau of Prisons' calculation of credit to be given for other periods of detention); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir.1997) (discussing circumstances under which a federal prisoner may properly file a § 2241 petition).

### B.    Analysis

Petitioner raises two (2) basic claims.   First, he argues that the District Court improperly delegated its obligation to set forth a particular payment schedule with respect to the restitution award to the United States Probation Officer.  Second, Petitioner contends that the BOP is improperly requiring him to participate in the voluntary IFRP, which program Petitioner argues is not being administered as such.  Each of these claims will be addressed in turn.

### 1.    Challenge to District Court's Restitution Instructions

Section 3664 of Title 18 provides, in pertinent part, that upon determining the amount of restitution to be awarded in a particular case, the court "shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid . . . ." 18 U.S.C. § 3664 (f)(2).

In turn, § 3572(d)(1) provides as follows:

A person sentenced to pay a fine ... shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payments in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule.

18 U.S.C. § 3572(d)(1).

Although the statute gives the court the discretion to waive the immediate payment requirement, a court choosing to exercise that discretion must itself establish a repayment schedule and it may not delegate that authority to the BOP.  See United States v. Workman, 110 F.3d 915, 919 (2d Cir.1997) (holding that § 3572(d) "does not permit the court to delegate scheduling to other authorities"); United States v. Mortimer, 94 F.3d 89, 91 (2d Cir.1996) (holding that courts may not delegate the scheduling of installment payments for restitution).

In the present case, the sentencing court stated that the restitution award was to be paid "immediately," but also stated that it could be paid in accordance with a schedule to be determined by the United States Probation Officer.  Petitioner alleges that this amounted to an improper delegation of the sentencing court's duties pursuant to § 3664.

As a threshold matter, because this challenge relates to the sentence itself, rather than to the execution of the sentence, it is not clear that it may be brought via a § 2241 petition.  Rather, it would appear that this claim should have been raised either on direct appeal or via a § 2255 motion before the sentencing court.  See Hudson v. True, No. 97-3347, 1999 WL 1285832, at *2 (D.Kan. Dec. 23, 1999).

However, Respondent has not raised this issue in opposition to the Petition.  In any event, although there is some arguable ambiguity in the sentencing court's instructions, Petitioner's argument is ultimately unavailing even when considered on the merits.

As noted above, the court indicated that the restitution award was to be paid in full immediately, but also referenced the possibility that it would be paid in accordance with a schedule to be set by the Probation Officer.  The only way to reconcile these two instructions, giving effect to both, is to read them as making the payment due immediately,

5

but permitting the *collection* schedule to be determined by the Probation Officer.

Courts in this Circuit, including the Second Circuit in an unpublished decision, have concluded that where, as here, the sentencing court imposes a fine with payment "due immediately," the court may properly delegate the determination of the collection schedule. See, e.g., United States v. McCarroll, 166 F.3d 1202, 1998 WL 852914 (2d Cir. 1998) (unpublished) ("Accordingly, there has been no improper delegation by the district court of its exclusive authority to determine a schedule for the payment of those assessments. Instead, the BOP is merely using the IFRP to *collect* McCarroll's special assessment, just as it would any delinquent debt owed by him.") (emphasis original); United States v. Maisonet, No. 05 Civ 7845, 2005 WL 3527150, at *3 (Dec. 22, 2005) ("Accordingly, the Court has not delegated to the BOP the responsibility for setting an installment schedule, as defendant suggests. Rather, the Court has required defendant to comply with the BOP's regulations as applied to the collection of monetary penalties."); see also Solis v. Menifee, No. 99 Civ 9072, 2000 WL 1401633, at *2 (Sep. 25, 2000) ("The sentencing court in this case imposed a fine and special assessment, ordered that Solis pay both 'immediately,' and recommended (but did not mandate) that Solis participate in the IFRP to satisfy that obligation. The sentencing court's judgment contains no delegations to the BOP."); Chapdelaine v. Keller, No. 95-CV-1126, 1998 WL 357350, at *7 (N.D.N.Y. Apr. 16, 1998).

Accordingly, this Court finds that Petitioner is not entitled to relief based upon his claim that the sentencing court violated § 3664 and it should be DISMISSED.


**2.      Challenge to IFRP**

The Inmate Financial Responsibility Plan, which became effective in 1987, is

6

designed to encourage inmates to meet their "legitimate financial obligations." 28 C.F.R. § 545.10. Court-ordered fines, such as special assessments and restitution, are among the various obligations that may be collected through the IFRP. See 28 C.F.R. § 545.11(a)(1) & (2).

In the present case, Petitioner contends the BOP's decision to enroll Petitioner in the IFRP improperly usurped the authority of the Probation Officer and was contrary to the sentencing court's instructions that the repayment schedule be set by the Probation Officer. Petitioner further argues that the BOP is acting in an unlawful manner by refusing to allow Petitioner to withdraw from the IFRP without consequence.

Petitioner's claim that the BOP has improperly usurped the Probation Officer's authority is lacking in merit.  Although the sentencing court did indicate that the Probation Officer would set the schedule for collection of payments, the record indicates that the BOP conferred with the United States Probation Officer, which concurred with the BOP's determination that Petitioner should begin making payments toward the restitution award through the IFRP while incarcerated.  (Docket No. 1 at "Exhibit 3").

Petitioner also relies upon a letter from the sentencing court submitted by Respondent, which describes the usual procedure followed by that court with respect to the determination of a repayment schedule. (Docket No. 6 at "Exhibit E").  Typically, the sentencing court either approves of a schedule agreed to by the defendant and the Probation Officer or conducts a hearing as to the appropriate schedule.  Accordingly, Petitioner suggests that the sentencing court intended for the Probation Officer to set the repayment schedule, subject to judicial review, in accordance with its customary procedures.

However, no such judicial review is referenced in the Judgment entered in this

7

particular case.  Indeed, the Judgment states that "[u]nless the court has expressly ordered otherwise in the special instructions . . . payment of criminal monetary penalties shall be due during the period of imprisonment." (Docket No. 6 at "Exhibit C" at p. 6).  Although the sentencing court referenced payments be made via a schedule set by the Probation Officer, the court also did not expressly indicate that the payments would not commence until after the period of incarceration had expired.  Further, the sentencing court did specifically provide that the fine was due immediately.

Accordingly, there is nothing in the Judgment to prevent the Probation Officer from consenting to Petitioner's enrollment in the IFRP for the purpose of making payments toward the fine during the period of imprisonment, which is what the record indicates occurred in this particular case.  See (Docket No. 1 at "Exhibit 3").  There is likewise no indication that the sentencing court intended to deprive the BOP of the ability to enroll Petitioner in the IFRP, particularly in view of the Probation Officer's consultations. See (Id.).  In other words, this Court finds no direct conflict between the terms of the sentencing court's instructions and the BOP's decision to enroll Petitioner in the IFRP.  Accordingly, this Court finds that Petitioner's claim that the BOP violated the sentencing court's instructions or otherwise lacked the authority to place Petitioner in the IFRP should be rejected. See generally Mujahid v. Crabtree  999 F.Supp. 1398, 1402 (D.Or. 1998); see also Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (holding that "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine"); Maisonet, 2005 WL 3527150, at *2.

To the extent that Petitioner challenges the constitutionality of the IFRP, that issue has already been conclusively determined by the Second Circuit, which has upheld the

IFRP, despite its negative consequences for inmates who refuse to participate, finding that the program "serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization . . . to provide for rehabilitation and reformation."Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir.1990); see also, Karacsonyi v. Radloff, 885 F.Supp. 368, 370 (S.D.N.Y.1995) (court dismissed constitutional challenge brought by inmate who was penalized for not participating in IFRP).

Although it is undisputed that Petitioner will lose some privileges (*e.g.*, denial of certain furloughs, exclusion from certain work details, limits on commissary spending) should he choose to withdraw from the IFRP, Petitioner has no constitutional right to those privileges.  See McClenton v. Menifee, No. 05 Civ. 2844, 2006 WL 2474872, at *11 (S.D.N.Y. Aug. 22, 2006).  "[T]hose consequences do not fall under the scope of this Court's review pursuant to 28 U.S.C. § 2241." Solis, 2000 WL 1401633, at *2.  In other words, Petitioner's essential argument is that he does not want to make payments toward his fine through the IFRP.  Such an argument does not raise a cognizable claim for habeas relief under § 2241 and should be DISMISSED.


### C.    Petitioner's Motion for Judgment on the Pleadings

Lastly, this Court notes that Petitioner made motion for judgment on the pleadings by letter dated September 16, 2008.  (Docket No. 9).  Petitioner states, as support for his motion, that "[t]his Court issued an Order To Show Cause upon the Defendant to show why relief ought not to be Granted to the Plaintiff" and that "Defendant chose not to dispute Plaintiff's motion."  (Docket No. 9).  It is unclear what "Order to Show Cause" Petitioner is referring to as there is no record of any such order on the docket.  As such, and in light of

the reasoning set forth above, Petitioner's motion for judgment on the pleadings should be DISMISSED.

## IV. CONCLUSION

For the reasons stated above, the Court recommends that Robert S. McWilliams' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and that the Petition be dismissed.  Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue.  See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

DATED:      October 27, 2008

Syracuse, New York

Victor E. Bianchini
United States Magistrate Judge

## V. ORDERS

Pursuant  to  28  USC  §636(b)(1),  it  is  hereby  ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

October 27, 2008

Victor E. Bianchini
United States Magistrate Judge